UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x
:
CITIZENS BANK, N.A., CITIZENS FINANCIAL :
GROUP, INC., CITIZENS CAPITAL MARKETS, : **ORDER AND OPINION**
INC., THEODORE C. SWIMMER, and DONALD : **GRANTING MOTION TO**
H. MCCREE, : **TRANSFER VENUE**
:
                           Plaintiffs, : 24 Civ. 4827 (AKH)
:
   -against- :
:
CURTIS MAGLEBY, :
:
                           Defendant.
--------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

        This case arises out of the arbitration of an employment dispute between Plaintiffs and Defendant. On June 14, 2024, Arbitrator Hon. Amy D. Hogue granted summary judgment in favor of Plaintiffs Citizens Bank, N.A., Citizens Financial Group, Inc., Citizens Capital Markets, Inc., Theodore C. Swimmer, and Donald H. McCree in the underlying arbitration proceeding and entered an arbitration award. On June 25, 2024, Plaintiffs filed a petition to confirm that arbitration award in the Southern District of New York. Defendant Curtis Magleby moves to dismiss that petition for improper venue, or in the alternative, to transfer venue. For the reasons below, this action is transferred to the District of Nevada.

## FACTS

        In December 2021, Defendant Curtis Magleby was terminated by Citizens Bank after seven years of employment. *See* Decl. of Gaurav K. Talwar, Ex. 8, ¶ 1, ECF No. 3. In September 2022, asserting wrongful termination and other related claims, Mr. Magleby commenced the underlying arbitration against Citizens Bank, N.A., Citizens Financial Group,

1

Inc., Citizens Capital Markets, Inc., Theodore C. Swimmer, and Donald H. McCree, pursuant to a mutual arbitration agreement signed as part of his employment with Citizens Bank. *See* Decl. of Gaurav K. Talwar, Ex. 2, ECF No. 3. That Mutual Agreement to Arbitrate Employment-Related Disputes ("Mutual Agreement") stipulated that the parties would arbitrate employment disputes, with the arbitration to be held "within fifty (50) miles of the [Employee's] primary work location with Citizens." *See* Decl. of Gaurav K. Talwar, Ex. 3, ¶ 1, ECF No. 3. At the time of Mr. Magleby's termination, he was living in and working from Las Vegas, Nevada, though he had earlier in the course of his employment resided in California. *See* Decl. of Curtis Magleby, ¶ 5, ECF No. 13. The Mutual Agreement did not set a specific United States District Court in which an arbitration award could be confirmed. *See generally* Decl. of Gaurav K. Talwar, Ex. 3, ECF No. 3.

      Hon. Amy D. Hogue was appointed as arbitrator and conducted the arbitration in her offices in Los Angeles, California, with the bulk of the arbitration process taking place virtually. *See* Def's Motion to Dismiss, at 5-6, ECF No. 13; *see also* Pl's Opp. to Motion to Dismiss, at 6-7, ECF No. 15. Arbitrator Hogue initially scheduled an arbitration hearing to take place following discovery in April 2024 in Las Vegas, Nevada. *See* Decl. of Gaurav K. Talwar, Ex. 6, ECF No. 3. The hearing was later adjourned to June 2024, and the parties agreed to change the location of that hearing to New York, New York. *See* Decl. of Gaurav K. Talwar, Ex. 13, ECF No. 3. Meanwhile, Citizens Bank filed a motion for summary judgment, which Arbitrator Hogue granted as the final arbitration award on June 14, 2024, before the hearing took place. *See* Decl. of Gaurav K. Talwar, Ex. 1, ECF No. 3.

Citizens Bank filed a petition to confirm arbitration before this Court on June 25, 2024, and Defendant Magleby subsequently filed this motion to dismiss or to transfer venue to the District of Nevada.

## DISCUSSION

Under 28 U.S.C. § 1404(a), a district court may transfer "any civil action to any other district or division where it might have been brought," provided that such transfer is "for the convenience of the parties and witnesses, in the interest of justice." The district court conducts a two-part inquiry to determine whether transfer is appropriate, first determining whether the action "might have been brought" in the transferee court and then whether a transfer would further the convenience of the parties and the interest of justice. *See In re Collins & Aikman Corp. Sec. Litig.*, 438 F.Supp.2d 392, 394 (S.D.N.Y. 2006).

The Federal Arbitration Act ("FAA"), which governs the arbitration award at issue, provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award . . . If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. The Second Circuit has held that this venue provision in the FAA is permissive, and thus any federal court with subject matter jurisdiction may confirm an arbitration award, even if it is not the district in which the award was granted. *See Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698, 706 (2d Cir. 1985). The Southern District of New York has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy exceeds $75,000.

3

Arbitration awards are considered "to have been granted at the location of the arbitral seat." *See Oleo-X LLC v. St. Paul Commodities, Inc.*, 2024 U.S. Dist. LEXIS 173687, at *9 (S.D.N.Y. Sept 24, 2024). The location of the "arbitral seat" is different from the location of the arbitration hearing: it is determined by the location in which the parties agreed to hold the arbitration and is unaffected by the arbitration hearing being held in a different city or virtually. *See id.* at 8-9. Neither the residence of the arbitrator nor the location in which she drafts the arbitration award is determinative of venue. *See Motion Picture Laboratory Technicians 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 18 (2d Cir. 1986).

The parties, in their arbitration agreement, did not specify a court in which to confirm an arbitration award. They did, however, agree that the arbitration would take place within fifty miles of Mr. Magleby's primary work location with Citizens Bank. At the time of his termination, Mr. Magleby resided and worked for Citizens Bank in Las Vegas, Nevada, and the arbitral seat in this proceeding was thus located there. The fact that the arbitrator had her office in Los Angeles, California, that much of the arbitration was conducted electronically and virtually, and that the parties had agreed to hold a meeting in New York, New York does not alter that conclusion. The arbitration award is properly considered to have been made in the District of Nevada, and that district is thus also one where this action to confirm the arbitration award "might have been brought" under the FAA. 9 U.S.C. § 9; *see also* 28 U.S.C. § 1404(a).

I must now determine whether transfer to the District of Nevada would further the convenience of the parties and the interest of justice. Second Circuit courts "have generally found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place." *Crow Constr. Co. v. Jeffrey M. Brown Assocs. Inc.*, 2001 U.S. Dist. LEXIS 13392, at *2 (S.D.N.Y. August 31, 2001). The

4

parties agreed to arbitrate in the District of Nevada, and the locus of the arbitration and the arbitration award was in that district, which militates in favor of transferring venue. Defendant currently resides in Las Vegas and worked for Citizens Bank there at the time of the underlying termination. The parties' only connections to New York are that Plaintiffs' counsel is located there, the depositions of Mr. Swimmer and Mr. McCree were taken in New York,[1] and the parties agreed to hold a single hearing—which never actually occurred—in New York. I hold that a transfer to the District of Nevada would further the convenience of the parties and the interest of justice. And where transfer to another forum is possible, dismissal is "too harsh." *See Alexander Ins., Ltd. v. Executive Life Ins. Co.*, 1991 U.S. Dist. LEXIS 10432, at *9 (S.D.N.Y. July 29, 1991) (citing *J.V.B. Industries, Inc. v. Federated Dep't Stores, Inc.*, 684 F.Supp. 22, 23 (E.D.N.Y. 1988)).

## CONCLUSION

For the aforementioned reasons, this case is transferred to the United States District Court for the District of Nevada. The Clerk is directed to transfer the case, *Citizens Bank, N.A. et al v. Magleby*, 24-CV-04827, to that District.

SO ORDERED.

Dated:  January 6, 2025
        New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

---

[1] Of note, only Mr. McCree is a citizen of New York. Mr. Swimmer is a citizen of North Carolina, and New York can thus hardly be considered a convenient venue for him. Further, none of the corporate entities involved in this action have New York citizenship.